## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GARDEN CITY BOXING CLUB, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:07CV360** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ANTONIO CORTEZ and ZOILA CORTEZ,** | ) | |
| **both individually and d/b/a** | ) | |
| **GUADALAJARA RESTAURANT &** | ) | |
| **SPORTS BAR,** | ) | |
| **and GUADALAJA RESTAURANT, INC.,** | ) | |
| **d/b/a GUADALAJARA RESTAURANT &** | ) | |
| **SPORTS BAR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the defendants' Motion to Vacate Default Judgment (Filing No. 20).[1]  The defendants did not file any brief or evidence in support of the motion.  The plaintiff did not file an opposition to the motion.

The plaintiff filed the instant action on September 13, 2007.  **See** Filing No. 1.  On October 26, 2007, summonses were issued.  **See** Filing No. 10.  On January 9, 2008, the plaintiff filed notices that the summonses were executed on each defendant on December 27, 2007.  **See** Filing Nos. 11-13.  On January 29, 2008, the plaintiff filed a "Request to Enter Default" (Filing No. 14), with an affidavit from counsel.  On February 7, 2008, the Clerk of Court entered default in accordance with Fed. R. Civ. P. 55(a).  **See** Filing No. 15.

On March 4, 2008, counsel entered an appearance on behalf of the defendants and moved to set aside the default.[2]  **See** Filing Nos. 16, 17, 19 and 20.  The defendants state they immediately sought legal counsel after being served with the complaint, however were refused service by four attorneys due to lack of sufficient funds.  **See** Filing No. 20 - Motion ¶¶ 1-2.  The defendants explain they met with their current counsel on February 23, 2008.

---

[1] An earlier unsigned version of the motion was filed, but will be denied as moot.  **See** Filing No. 17.

[2] Although the defendants' motion is titled "Motion to Vacate Default Judgment," no judgment has been entered in this matter.

*Id.* ¶ 2.  The defendants contend they were incapable of earlier filing an answer to the complaint due to their inability to retain counsel and lack of familiarity with the court system. *Id.* ¶ 3.   Further, the defendants state this motion was filed within a reasonable time and their delay was the product of inadvertence and excusable neglect.  *Id.* ¶¶ 4-5.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Since the Clerk of Court has entered the defendants default, but no judgment has been entered, the entry of default must now be set aside or judgment entered against the defendants.  "Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."  ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998); ***see also C-B Kenworth, Inc. v. General Motors Corp.***, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer").  Furthermore, the court must determine whether good cause exists to deny default and allow the defendants to proceed on the merits.  **See** Fed. R. Civ. P. 6(b), 55(c).

The court concludes the defendants' default should be set aside.  Here, the defendants have promptly sought to set aside the default.  There is no indication the defendants were dilatory in their efforts to obtain counsel and defend against the plaintiffs' allegations.  While the defendants may have filed a motion for an extension of time to answer and/or find counsel, the individual defendants would not be able to "represent" the corporate defendant.  **See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.***, 86 F.3d 852, 857 (8th Cir. 1996) (noting "the law does not allow a corporation to proceed *pro se*").  Since the claims against the individuals are inextricably intertwined with the claims against the corporate defendant, appearing on their own behalf or failing to appear until they secured counsel for all three parties was of little practical difference.  Finally, the plaintiff has not and cannot show any prejudice by allowing the defendants to defend this action.  The plaintiff did not respond to the defendants' motion and the defendants promptly moved to

set aside the entry of default before the plaintiff had moved for entry of a judgment.  In the alternative, the court finds good cause exists to allow the defendants additional time to respond to the complaint by filing an answer or motion to dismiss.  Upon consideration,

**IT IS ORDERED:**

1.      The defendants' Motion to Vacate Default Judgment (Filing No. 17) is denied, as moot.

2.      The defendants' Motion to Vacate Default Judgment (Filing No. 20) is granted.

3.      The Clerk of Court shall set aside the entry of default.

4.      The defendants shall have to **on or before April 25, 2008**, to file an answer or otherwise respond to the complaint.

DATED this 9th day of April, 2008.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

3